UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-61326-CIV-SMITH/HUNT

THOMAS ROGERS,

        Plaintiff,

vs.

W.R. BERKLEY CORPORATION,

        Defendant.

_____/

## REPORT AND RECOMMENDATIONS

THIS CAUSE is before this Court on Defendant's Motion for a Protective Order, ECF No. 63, Defendant's Renewed Motion for Injunction and Other Sanctions, ECF No. 52, and Defendant's Verified Motion to Tax Attorneys' Fees, ECF No. 78. The Honorable Rodney Smith referred Plaintiff's Motions to the undersigned for a report and recommendation. ECF No. 66; 79; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions, any responses or replies thereto, the case file, and applicable law, the undersigned respectfully RECOMMENDS that the Motion for a Protective Order be GRANTED and that the Renewed Motion for Injunction and Other Sanctions and Verified Motion to Tax Attorneys' Fees be DENIED WITHOUT PREJUDICE for the reasons set forth below.

This action initially arose out of prior litigation between the parties arising from an automobile accident. After a fairly tortured series of cases in both federal and state court,[1]

---

[1] *See Rogers v. W.R. Berkley Corp.*, No. 25-60420-CIV-SMITH/HUNT, 2025 WL 4675960, at *1 (S.D. Fla. June 13, 2025).

Defendant removed the instant state court action to this Court, where it was ultimately dismissed.  ECF No. 66.  Defendant now seeks a protective order barring Plaintiff from contacting and otherwise harassing Defendant and its employees, as well as other sanctions.  ECF No. 78.  In support of the Motion, Defendant submitted evidence that Plaintiff has directly contacted both Defendant and Defendant's employees, despite knowing that Defendant is represented and having been told by counsel that such communications are improper.  ECF No. 63-1; 63-2.

The Court notes here that Plaintiff is a *pro se* litigant, so his pleadings are "held to a less stringent standard" and will be "liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted).  Generally speaking, federal courts "are reluctant to impose sanctions on *pro se* litigants."  *United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008); *see, e.g., Yeh Ho v. Sabocik*, 775 F. App'x 551, 555 (11th Cir. 2019) ("[G]iven [plaintiff's] *pro se* status, sanctions are not warranted even if we agreed with the defendants that the appeal is frivolous.").

Still, litigants "must (even when litigating *pro se*) prosecute [their] civil action in compliance with the Federal Rules of Civil Procedure, and with the Southern District of Florida Local Rules and CM/ECF Administrative Procedures."  *Davide v. Seterus, Inc.*, No. 18-24486-CIV-MORENO, 2019 WL 13255684, at *2 n.2 (S.D. Fla. Mar. 18, 2019) (citing Fed. R. Civ. P. 1–3; S.D. Fla. L.R. 1.1, 5.1(b)).  "The Local Rules apply equally to all parties who litigate in this Court, including pro se parties."  *Rodriguez v. Beamer*, No. 6:24-CV-539-RMN, 2024 WL 5678872, at *1 (M.D. Fla. May 31, 2024) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  Failure to do so may result in sanctions, up to and including a party's dismissal from the lawsuit.  *See Smith v. Marti*, No. 23-

24150-CIV-DAMIAN, 2025 WL 2330309, at *4 (S.D. Fla. July 11, 2025).

There is ample evidence before this Court that Plaintiff has engaged in conduct worthy of a protective order.  ECF No. 63-1.  It is clear from the pleadings and exhibits that there is a level of hostility between the Parties that has resulted in untoward communications related to this and other litigation between the parties.  The level of alleged harassing communications is significant, and the Court finds that a protective order limiting certain communications between the Parties is justified.  Plaintiff has not substantively disputed this evidence nor properly responded to Defendant's Motion.[2]  The Motion should therefore be granted.

Additionally, the undersigned reminds Plaintiff of the Introduction to the Local Rules, which states "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility. . . . [I]t remains the Court's expectation that counsel will seek to accommodate their fellow practitioners . . . whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice."  As stated above, this applies with equal force to *pro se* litigants.  Although Plaintiff may vociferously disagree with Defendant's positions, as well as this Court's findings on various matters, he is nonetheless bound by the rules and requirements of this Court.

---

[2] Plaintiff does contest the content to the extent that it allegedly omits references to "Berkley Southeast Insurance Group." ECF No. 68.  Regardless of whether this allegation is true, it has no bearing on the harassing content of Plaintiff's communication.  It is unclear whether Plaintiff's "Declaration," ECF No. 69, was intended as a response to Plaintiff's Motion.  The undersigned has reviewed the declaration and finds it contains no substantive response to the evidence before the Court.

Defendant also requests that this Court restrict Plaintiff from filing absent the Court's screening and preapproval, as well as monetary sanctions, due to Plaintiff's bad faith litigation. ECF No. 52. Defendant likewise requests an award of attorney's fees. ECF No. 78. The undersigned notes that Plaintiff has filed a Notice of Appeal in this action. ECF No. 76. "Ruling on motions for sanctions may . . . be deferred pending appeal to avoid the possibility of the sanctions issues becoming moot." *Sound Around, Inc. v. O'Donnell*, No. 22-23395-CIV-SCOLA/GOODMAN, 2023 WL 6393021, at *2 (S.D. Fla. Aug. 10, 2023), *report and recommendation adopted*, No. 22-23395-CIV SCOLA/GOODMAN, 2023 WL 6389742 (S.D. Fla. Oct. 2, 2023). Similarly, "the Court has discretion to deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded." *S.-Owners Ins. Co. v. Wall 2 Walls Const., LLC*, No. 8:12-CV-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013). Because a finding in Plaintiff's favor on appeal could affect Defendant's entitlement to sanctions or fees, as well as the amounts awarded, there is good cause to stay consideration of both the sanctions and fees requests while a decision from the Eleventh Circuit is pending. *Id.* Accordingly, the Court should defer consideration and deny without prejudice Defendant's Renewed Motion for Injunction and Other Sanctions, ECF No. 52, and Defendant's Verified Motion to Tax Attorneys' Fees.

### **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that:

Defendant's Motion for a Protective Order should be GRANTED to the extent that

> a. Plaintiff, as well as any person acting in active concert or participation with the Plaintiff, should be enjoined and restrained from making threats, using abusive language, or engaging in any conduct

4

designed to intimidate, annoy, embarrass, or otherwise harass any other party, person, or entity associated with this case.

b.        Plaintiff should be prohibited from communicating with Defendant, Defendant's employees, or Defendant's attorneys in any manner regarding this case, except through properly filed court documents or with prior written approval from this Court.  The Court should also waive any Local Rule 7.1(a)(3)(A) conferral requirement when it comes to any filings in this case.

Defendant's Renewed Motion for Injunction and Other Sanctions, ECF No. 52, and Verified Motion to Tax Attorneys' Fees, ECF No. 78, should be denied without prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 10th day of July 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Rodney Smith

All Counsel of Record

Thomas Rogers,
520 SW 62nd Way
Margate, FL 33069
PRO SE

6