**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  25-61326-CIV-SMITH/HUNT**


THOMAS ROGERS,

      Plaintiff,

vs.

W.R. BERKLEY CORPORATION,

      Defendant.

_____/

## ORDER AFFIRMING AND ADOPTING IN PART
## REPORT AND RECOMMENDATION

This matter is before the Court upon Magistrate Judge Hunt's Report and Recommendation [DE 81], recommending Defendant's Renewed Motion for Injunction and Other Sanctions for Bad Faith Litigation [DE 52] be denied without prejudice, Defendant's Motion for Protective Order Barring Plaintiff from Contacting WRBC Directly and for Sanctions [DE 63] be granted, and Defendant's Verified Motion to Tax Attorneys' Fees [DE 78] be denied without prejudice. Defendant has filed Objections to Report and Recommendation [DE 82].  Defendant objects only to the portion of the Report and Recommendation recommending denial of its Renewed Motion for Injunction and Other Sanctions for Bad Faith Litigation (the "Motion for Injunction").

The Motion for Injunction seeks an injunction against Plaintiff barring further filings or lawsuits against Defendant and its subsidiaries without prior Court review and approval and seeks fees and costs incurred in this case.  The Report and Recommendation recommends that the Motion for Injunction be denied without prejudice because Plaintiff has filed a Notice of Appeal and the outcome of the appeal could affect Defendant's entitlement to sanctions.  The Court, however, finds that Plaintiff's actions in this case and his earlier-filed case, *Rogers v. W.R. Berkley*

*Corporation*, Case No. 25-60420, have been frivolous and vexatious.  Thus, Defendant's Motion for Injunction is granted in part.

"The Supreme Court has stated a litigant's constitutional right of access may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings." *Debose v. United States*, No. 22-13380, 2024 U.S. App. LEXIS 2896, at *2 (11th Cir. Feb. 8, 2024) (citing *In re McDonald*, 489 U.S. 180, 184 (1989)).  The Eleventh Circuit has explained that "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986).  As a result, a litigant "can be severely restricted as to what he may file and how he must behave." *Id.*

Here, Plaintiff's earlier-filed case, which was initially filed in state court and was removed by Defendant, alleged claims for bad faith under Florida insurance law.  During the course of the earlier-filed case, Plaintiff filed numerous motions, including multiple motions to remand.  All of Plaintiff's motions were denied.  Additionally, Plaintiff's filings contained either inaccurate citations to authority or citations to non-existent cases.  Ultimately, the earlier-filed case was dismissed with prejudice.  Plaintiff then filed at least four motions to vacate the dismissal, plus notices and other filings also seeking to vacate the order of dismissal.  When that did not work, Plaintiff filed the instant case against Defendant in state court and Defendant removed.  In this case, Plaintiff has repeatedly sought to vacate the order of dismissal in the earlier-filed case.  These motions were all denied.  The Court finds Plaintiff's never-ending attempts to vacate the dismissal of the earlier-filed case frivolous and vexatious.  Consequently, the Court finds that the Motion for Injunction should be granted to the extent that Plaintiff is enjoined from filing any additional cases against Defendant without Court review and approval.

Accordingly, having reviewed the Report and Recommendation, the motions, the record, and the Objections, it is

**ORDERED** that:

1) Magistrate Judge Hunt's Amended Report and Recommendation [DE 39] is **AFFIRMED and ADOPTED in part.**

2) Defendant's Objections to Report and Recommendations [DE 81] are **SUSTAINED in part**.

3) Defendant's Motion for Protective Order Barring Plaintiff from Contacting WRBC Directly and for Sanctions [DE 63] is **GRANTED:**

   a) Plaintiff, as well as any person acting in active concert or participation with the Plaintiff, is enjoined and restrained from making threats, using abusive language, or engaging in any conduct designed to intimidate, annoy, embarrass, or otherwise harass any other party, person, or entity associated with this case.

   b) Plaintiff is prohibited from communicating with Defendant, Defendant's employees, or Defendant's attorneys in any manner regarding this case, except through properly filed court documents or with prior written approval from this Court. The Court waives any Local Rule 7.1(a)(3)(A) conferral requirement when it comes to any filings in this case.

3) Defendant's Renewed Motion for Injunction and Other Sanctions for Bad Faith Litigation [DE 52] is **GRANTED in part.** Plaintiff, Thomas Rogers, is prohibited from filing any future cases against W.R. Berkely Corporation unless he first obtains leave of court to file the new case.

4)      Defendant's Verified Motion to Tax Attorneys' Fees [DE 78] is **DENIED without**

**prejudice.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of Augusts, 2026.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:      All Counsel of Record

4